# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50190
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

TOLENTINO CASTILLO FLORES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2252-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Tolentino Castillo Flores (Castillo) was sentenced to a 57-month term of imprisonment following his guilty plea to illegal reentry of a deported alien. *See* 8 U.S.C. § 1326. Castillo challenges the substantive reasonableness of the sentence. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Review is limited to plain error because Castillo failed to challenge the reasonableness of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50190

his sentence in the district court. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

We have consistently rejected Castillo's "double counting" argument and his argument that U.S. Sentencing Guidelines Manual § 2L1.2 results in excessive sentences because it is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We also have rejected the "international trespass" argument that Castillo asserts. *See United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Castillo argues that the presumption of reasonableness should not apply because the illegal reentry guideline lacks an empirical basis. As Castillo concedes, his argument is foreclosed. *See Duarte*, 569 F.3d at 529-31; *United States v. Mondragon–Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). He has not shown that his sentence does not account for a sentencing factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Mere disagreement with the propriety of his sentence or with the weight given to 18 U.S.C. § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because Castillo has not shown error, plain or otherwise, the judgment of the district court is AFFIRMED.